UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. PEOPLES,            Case No. 20-CV-
                              HON.
         Plaintiff,           MAG. JUDGE

vs.

BILL SNETHKAMP, INC.; JEREMY
"JAY" GLASPIE; and JOHN RIFE;
jointly and severally,

         Defendants.
_____
GARY T. MIOTKE (P41813)
Attorney for Plaintiff
6828 Park Avenue
Allen Park, MI 48101
(313)-388-4809
gmiotke@miotkelawoffice.com
_____

COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through his attorney, and for his

Complaint he states that:

JURISDICTION, PARTIES, VENUE

1. This action arises out of the Plaintiff's employment.

2. Count I is a claim for sex discrimination based on sexual harassment

pursuant to Title VII, 42 USC 2000e et seq.

3. Count II is a claim for retaliation pursuant to Title VII, 42 2000e et seq.

1

4. Count III is a claim for race discrimination pursuant to Title VII, 42 USC 2000e et seq.

5. This Court has jurisdiction over Counts I, II, and III pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343.

6. Count IV is a claim for age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 USC 621 et seq.

7. This Court has jurisdiction over Count IV pursuant to 29 USC 626(c).

8. This Court has jurisdiction over Counts V, VI, VII, and VIII pursuant to the doctrine of supplemental jurisdiction, 28 USC 1367.

9. In addition, Counts I, II, III and IV have been properly filed after Plaintiff received "right-to-sue" letters from the U.S. Equal Employment Opportunity Commission before commencing this civil action.

10. Plaintiff is a resident of the City of Highland Park, County of Wayne, State of Michigan.

11. At the time of his wrongful termination on August 8, 2019, Plaintiff was 52 years old.

12. Plaintiff is also a black person

13. Defendant, BILL SNETHKAMP, INC. ("BSI") is a foreign profit corporation that exists and does business within the Eastern District of Michigan, Southern Division.

14. Defendant, JEREMY "JAY" GLASPIE ("Jay") is employed by BSI as the Service Manager of its dealership in Highland Park, Michigan, that exists and does business within the Eastern District of Michigan, Southern Division. On information and belief, Jay is approximately 40 years old. Jay is also a white person.

15. Defendant, JOHN RIFE ("John") is employed by BSI as the Parts Manager of its above- referenced dealership in Highland Park. On information and belief, John is appropriately 55 years old. John is a white person.

16. The events giving rise to this case arose within the Eastern District of Michigan.

## BACKGROUND FACTS

17. In or around May 2008, Plaintiff was hired by BSI as an employee at its motor vehicle dealership located in Highland Park, Michigan.

18. The Defendants wrongfully terminated the Plaintiff's employment as a Parts Advisor on August 8, 2019.

19. Plaintiff's termination was wrongful in that it was wholly unjustified.

3

20. While the Defendants stated that the Plaintiff's termination was based on "poor performance", this purported justification for Plaintiff's wrongful termination is and was completely unfounded.

21. The Plaintiff had no reviews, disciplinary actions, performance improvement plans, or other communications from the Defendants that support the "poor performance" justification.

22. Instead, the facts and circumstances of this case show that the Plaintiff's termination stemmed from the Defendants' violations of the law.

23. Plaintiff was qualified for his position as a Parts Advisor and performed his duties well in this position from July 2018 until the wrongful termination of his employment.

24. On or about April 29, 2019, a male co-worker who was also employed as a Parts Advisor hereafter referred to as "Ed" made sexual comments in the Plaintiff's presences about homosexuals and male genitalia.  This was not the first time Ed had engaged in inappropriate conduct or communications of a sexual nature, but it was especially upsetting to Plaintiff this time given the content of the communications.

25. More specifically, and in Plaintiff's assessment, one specific sexual communication was especially severe and offensive since it pertained to

homosexuals and Plaintiff's deceased wife's brother (who also was deceased) was a homosexual.

26. Plaintiff immediately let Ed know that this communication was unwanted.  Ed responded about Plaintiff not being able to "take a good dick joke."

27. John was present at the time, but John did not do anything to correct Ed's conduct or communications.

28. Instead, John just shook his head.

29. Plaintiff went to Jay and complained about Ed's sexual conduct or communications.

30. Jay did not do anything to correct Ed's conduct or communications.

31. Instead, Jay told the Plaintiff that maybe the Plaintiff just misunderstood the "joke".

32. Sometime thereafter, Ed left his employment with BSI.

33. However, in or around June 2019, Plaintiff heard a rumor from John that BSI might hire Ed back at the dealership.

34. Then, in mid-July 2019, Plaintiff heard from John that Ed was supposed to be hired back, but John did not know what position Ed was supposed to be hired back into.

35. On or about July 23, 2019, Plaintiff requested advance pay for his vacation which BSI gave him a hard time for requesting. More specifically, John gave Plaintiff a hard time about this.

36. Plaintiff's white co-workers were approved for such advance pay with no problems.

37. On August 5, 2019, Plaintiff filed a Charge of Discrimination with the EEOC alleging sex and race discrimination concerning the sexual harassment incident with Ed, the Defendants' failure to take corrective action relative to this incident, and the difficulty he was given concerning his request for advance pay.

38. In part, Plaintiff filed the Charge of Discrimination based on the Defendants' failure to take corrective action concerning the sexual harassment incident with Ed because (A) Plaintiff learned that Ed's possible return to the dealership seemed very likely and (B) Plaintiff believed that Ed would once again engage in such improper conduct or communications upon his return if Plaintiff did not file a Charge of Discrimination since the Defendants would not otherwise do anything about it.

39. The EEOC immediately informed BSI of the Charge of Discrimination.

40. On August 8, 2019, Plaintiff returned to work after his vacation.

41. On this date, the Defendants were aware that Plaintiff had filed the Charge of Discrimination with the EEOC.

42. On or before this date, the Defendants' on information and belief had decided to hire Ed back to the dealership.

43. Unlike the Plaintiff, Ed was a white person in his 30's.

44. Further, Ed was rehired despite the fact that he had engaged in the sexual harassment that Plaintiff has complained about internally and then later to the EEOC.

45. On or before August 8, 2019, the Defendants on information and belief had also decided to terminate the Plaintiff's employment.

46. Thus, when Plaintiff returned to work on August 8, 2019, John and another employee met with the Plaintiff and advised him that he was terminated for "poor performance".

47. Thereafter, Plaintiff learned that he was not only wrongfully terminated, but that the Defendants had actually hired Ed as the Plaintiff's replacement.

COUNT I : VIOLATION OF TITLE VII - SEX DISCRIMINATION VIA HOSTILE WORK ENVORONMENT SEXUAL HARASSMENT

48. Plaintiff incorporates paragraphs 1 through 47 above by reference.

49. By virtue of the incident with Ed, Plaintiff was exposed to unwelcome verbal conduct or communications of a sexual nature where the conduct or

7

communications had the purpose or effect of substantially interfering with the Plaintiff's employment or creating an intimidating, hostile, or offensive employment environment.

50. The Defendants had notice of Ed's improper conduct or communications of a sexual nature, but they failed to take appropriate prompt, remedial action both before and after the incident.

51. As a direct and proximate result of the Defendants' violation of the law, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

    (h) Pain and suffering;

    (i) Damage to reputation;

    (j) Liquidated damages;

    (k) Punitive damages; and

    (l) Costs and attorney fees.

 WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

## COUNT II: VIOLATION OF TITLE VII - RETALIATION

 52. Plaintiff incorporates paragraphs 1 through 51 above by reference.

 53. By virtue of his statement to Ed that his sexual "jokes" were unwanted and/or by virtue of his internal complaint(s) about the incident with Ed, the Plaintiff had engaged in protected opposition clause and/or participation clause activity under Title VII.

 54. Further, by virtue of his filing a Charge of Discrimination with the EEOC, the Plaintiff had also engaged in protected opposition clause and/or participation clause activity under Title VII.

 55. The Defendants were "employers" within the meaning of Title VII.

56. Due in significant part to the Plaintiff having engaged in one or more forms of protected activity, the Defendants retaliated against the Plaintiff and wrongfully terminated the Plaintiff in violation of Title VII.

57. As a direct and proximate result of the Defendants' violation of the law, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

    (h) Pain and suffering;

    (i) Damage to reputation;

    (j) Liquidated damages;

    (k) Punitive damages; and

    (l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

### COUNT III: VIOLATION OF TITLE VII - RACE DISCRIMINATION

58. Plaintiff incorporates paragraphs 1 through 57 above by reference.

59. The Defendants were "employers" within the meaning of Title VII

60. The Defendants violated Title VII by wrongfully terminating the Plaintiff's employment due in significant part to his race.

61. As a direct and proximate result of the Defendants' violation of the law, Plaintiff has sustained damages including (but not necessarily limited to) the following:

      (a) Loss of income;

      (b) Loss of fringe benefits;

      (c) Loss of pension and/or Social Security benefits;

      (d) Severe mental anguish and distress;

      (e) Embarrassment and humiliation;

(f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

(g) Fright, shock, and mortification;

(h) Pain and suffering;

(i) Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

### COUNT IV:  VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

62. Plaintiff incorporates paragraphs 1 through 61 above by reference.

63. Each Defendant was an "employer" within the meaning of the ADEA.

64. The Defendants violated the ADEA by wrongfully terminating the Plaintiff's employment due in significant part to his age.

65. As a direct and proximate result of the Defendants' violation of the law, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

    (h) Pain and suffering;

    (i) Damage to reputation;

    (j) Liquidated damages;

    (k) Punitive damages; and

    (l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars

to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

COUNT V : VIOLATION OF ELLIOTT-LARSEN
CIVIL RIGHTS ACT ("ELCRA") - SEX DISCRIMINATION VIA HOSTILE
WORK ENVORONMENT SEXUAL HARASSMENT

66. Plaintiff incorporates paragraphs 1 through 65 above by reference.

67. By virtue of the incident with Ed, Plaintiff was exposed to unwelcome verbal conduct or communications of a sexual nature where the conduct or communications had the purpose or effect of substantially interfering with the Plaintiff's employment or creating an intimidating, hostile, or offensive employment environment.

68. The Defendants had notice of Ed's improper conduct or communications of a sexual nature, but they failed to take appropriate prompt, remedial action both before and after the incident.

69. As a direct and proximate result of the Defendants' violation of the law, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

(c) Loss of pension and/or Social Security benefits;

(d) Severe mental anguish and distress;

(e) Embarrassment and humiliation;

(f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

(g) Fright, shock, and mortification;

(h) Pain and suffering;

(i) Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

## COUNT VI: VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA") - RETALIATION

70. Plaintiff incorporates paragraphs 1 through 69 above by reference.

71. By virtue of his statement to Ed that his sexual "jokes" were unwanted and/or by virtue of his internal complaint(s) about the incident with Ed, the Plaintiff had engaged in protected activity under the ELCRA.

72. Further, by virtue of his filing a Charge of Discrimination with the EEOC, the Plaintiff had also engaged in protected activity under the ELCRA.

73. The Defendants were "employers" within the meaning of the ELCRA.

74. Due in significant part to the Plaintiff having engaged in one or more forms of protected activity, the Defendants retaliated against the Plaintiff and wrongfully terminated the Plaintiff in violation of the ELCRA.

75. As a direct and proximate result of the Defendants' violation of the law, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

(g)  Fright, shock, and mortification;

(h)  Pain and suffering;

(i)  Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

## COUNT VII: VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA") - RACE DISCRIMINATION

76. Plaintiff incorporates paragraphs 1 through 75 above by reference.

77. The Defendants were "employers" within the meaning of the ELCRA.

78. The Defendants violated the ELCRA by wrongfully terminating the Plaintiff's employment due in significant part to his race.

79. As a direct and proximate result of the Defendants' violation of the law, Plaintiff has sustained damages including (but not necessarily limited to) the following:

(a) Loss of income;

(b) Loss of fringe benefits;

(c) Loss of pension and/or Social Security benefits;

(d) Severe mental anguish and distress;

(e) Embarrassment and humiliation;

(f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

(g) Fright, shock, and mortification;

(h) Pain and suffering;

(i) Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars

to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

## COUNT VIII: VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA") - AGE DISCRIMINATION

80. Plaintiff incorporates paragraphs 1 through 79 above by reference.

81. Each Defendant was an "employer" within the meaning of the ELCRA.

82. The Defendants violated the ELCRA by wrongfully terminating the Plaintiff's employment due in significant part to his age.

83. As a direct and proximate result of the Defendants' violations of the law, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

(h)  Pain and suffering;

(i)  Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

(l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

DEMAND FOR TRIAL BY JURY IS HEREBY MADE.

DATED: January 22, 2020            /s/ GARY T. MIOTKE_____
                                   GARY T. MIOTKE (P41813)
                                   Attorney for Plaintiff